THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY v. NEVADA BERRY.

1. EVIDENCE—*Sufficiency—Rule.* The rule, as sometimes announced by this court, that a verdict must be supported by sufficient evidence, does not imply that the court will weigh conflicting testimony, but only that there must have been competent evidence upon every material matter to uphold the verdict.

2. CARRIER—*Passenger not Paying Fare—Injury—Liability.* A railroad company does not owe to a person riding on one of its trains without payment of any fare, merely by sufferance of the conductor in charge of the train, that high and extraordinary degree of care for his personal safety that is due to an ordinary passenger paying the customary fare, but is liable only in such case for injuries occasioned by the ordinary negligence of its employés.

*Error from Crawford District Court.*

ACTION by *Berry* against the *Railroad Company* to recover damages for personal injuries. Judgment for plaintiff for $500. The defendant company comes here. The opinion states the facts.

*Wallace Pratt,* and *Chas. W. Blair,* for plaintiff in error:

There was no sufficient evidence to sustain a verdict. Whilst perhaps it may not be said that there is absolutely

no evidence to sustain the verdict and judgment, it can be very confidently and very truthfully stated that there is no sufficient evidence. And we understand the rule of decisions to be, in this state, that there must be sufficient evidence to sustain a verdict before it can be affirmed in this court on final review, and this rule has reason, as well as authority, to support it.

We concede that the verdict and judgment make a *prima facie* case in favor of the party in whose behalf they are rendered, and that every legal presumption goes to support them. But this is all that can be truthfully said in their favor. And where the testimony is so overwhelmingly against them that the reviewing court cannot mistake its effect, this presumption is broken like glass under pressure, and the verdict and judgment must be reversed.

The testimony must be sufficient, in the light of all the evidence, to uphold the verdict, before it can be approved in this jurisdiction; and this consideration receives added force from the declared policy of the law, as announced by the supreme court of this state, to favor new trials where the only effect of a new trial is to submit the facts to a new jury for determination. See *Atyeo v. Kelsey*, 13 Kas. 212, especially 216, where the court says: "Hence, new trials should be favored instead of being disfavored, wherever any question can arise as to the correctness of the verdict." See, also, *Walker v. Manufacturing Co.*, 8 Kas. 398; *K. P. Rly. Co. v. Kunkel*, 17 id. 172; *U. P. Rly. Co. v. Coldwell*, 5 id. 82; *Anthony v. Eddy*, 5 id. 127; *Ruth v. Ford*, 9 id. 17; *A. T. & S. F. Rld. Co. v. Wagner*, 33 id. 660; *Backus v. Clark*, 1 id. 304; *Babcock v. Dieter*, 30 id. 172; *Coal Co. v. Morgan*, 42 id. 540; *Hall v. Pope*, 4 Ga. 428.

The court, at the request of the plaintiff's counsel, and against the exception of defendant's counsel, gave the jury the following instruction:

"If the defendant company, through its trainmen (servants), undertook to carry this plaintiff as a passenger to the town of Arcadia, it was their duty, then, to stop at the town of Ar-

cadia long enough for her to have a reasonable time to alight from the train, and, of course, that is not stopping somewhere else away from the town of Arcadia."

To which defendant, by its counsel, excepted. Now, whatever may have been the intention of the judge, it is clear that the jury construed this to mean that if we stopped the caboose outside the city limits, the plaintiff was entitled to recover. In fact, it will bear no other interpretation; and if the city had no limits, not being incorporated, it would not be safe to sell tickets to it without incurring grave responsibilities.

The court gave the following instructions to the jury, which was duly excepted to by defendant's counsel:

"If she had no ticket, and offered him (the conductor) none, and (he) permitted and consented for her to ride from Fort Scott to Arcadia without ordering her off the train, she would be entitled to the rights of regular passengers."

This is putting persons who are on the train without ticket, or payment of fare, on the same ground as regular passengers, as to whom we are bound to exercise extraordinary care, and to whom we are liable for slight negligence. Is this the law? We think not. The case of the *St. J. & W. Rld. Co. v. Wheeler*, 35 Kas. 185, was one where the plaintiff's intestate was riding on a construction train by permission of the conductor; "he paid no fare, and was not asked or expected to pay any," being, in this respect, in the same condition Mrs. Berry says she was.

*Fuller & Randolph*, and *Ed. Van Gundy*, for defendant in error:

Counsel quote from many decisions of this court where new trials have been granted, but, upon an examintion of the cases cited, it is very evident that there is a very great difference between the circumstances and the testimony in those cases and the one at bar. A great many more cases might be cited upon the other side, establishing the doctrine that where there is conflicting evidence, and the jury have passed upon the facts and judged of the credibility of witnesses, and there

is some evidence to sustain their verdict, the supreme court will not interfere therewith.

Where the evidence is conflicting, the verdict will not be set aside. See *Higginbotham v. Fair,* 36 Kas. 742; *Osborne v. Ehrhard,* 37 id. 414; *Kaufman v. Springer,* 38 id. 730; *Wood v. Dickinson,* 34 id. 137; and the last case aforesaid, in 38 Kas. 86; 39 id. 127, 332; *Radway v. Ellis,* 37 id. 256.

In view of the fact that the court did not instruct the jury upon the degree of care the passenger is entitled to from the hands of the railroad company when he is a passenger, and the court did not define the difference between the degrees of care due from a railroad company or common carrier to a regular passenger and one who is not a regular passenger, nor yet a trespasser, but who is permitted to ride upon the train without paying fare, we can see no reason for contending or supposing that plaintiff in error was prejudiced by the instructions complained of. The court simply used in every instance in its instructions the word "negligence," without qualifying it by the words "slight," "ordinary" or "gross," and where that is done, this court has held that ordinary negligence is meant. See *K. P. Rly. Co. v. Pointer,* 14 Kas. 37.

And we take it that where the passenger is allowed to ride upon the railroad company's train, and is not a trespasser, the railroad company is liable for injuries sustained through its ordinary negligence. See *St. J. & W. Rld. Co. v. Wheeler,* 35 Kas. 185.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by Nevada Berry to recover damages for personal injuries sustained by her in getting off of one of the defendant's freight trains. The facts of the case, as shown by the plaintiff's own testimony, are, that she purchased a ticket at Fort Scott to Arcadia, and took passage on a freight train which left Fort Scott at 9 o'clock in the evening, and arrived at Arcadia at 10:20. The train was a long one, consisting of 31 cars and a caboose. The train stopped so that the engine was a little way from the depot,

and the caboose was outside of the corporate limits, near the end of a cut, where it was wet and muddy. The caboose stopped there about five minutes. Then the train started on. The plaintiff came to the door to get off when they got to the yards, as she was accustomed to do. Her version of what happened then is as follows:

"The brakeman said, 'All right; do you want to get off?' I said, 'Yes.' He says, 'Well, step to the door.' I says, 'You will help me off in the yards, won't you?' and he says, 'I'll put on the brakes.' He says, 'Can you make it? I will hold a lantern for you.' He turned to set the brake. I turned to see whether he was going to assist me, and he says, 'Step down and hurry up;' and at the same time he turned a brake as if to set it and kicked it off, and the jumping forward of the caboose threw me off suddenly."

The evidence shows that the plaintiff's knee was badly bruised, and her side, shoulder and arm hurt. There is no dispute in the evidence as to the fact that the plaintiff had a ticket, but as to what took place between her and the conductor with reference to it, the evidence is conflicting. She herself testified that the conductor did not ask her for her ticket, and for that reason she did not give it to him. The conductor and two other witnesses stated that he asked her for her ticket, and she answered, either that she did not have any ticket, or, that she didn't have to have any ticket. She in fact neither delivered her ticket nor paid her fare. She testified that she was in the habit of riding on freight trains and knew that they did not stop at the platforms. She states that, while the caboose was stopping in the cut, she was not told by any train hand that she would have to get off there. On the other hand, the brakeman and other passengers testified that the brakeman told them that they would have to get off there, and that the plaintiff said she could jump off from the moving train as it pulled up towards the depot.

Counsel for the plaintiff in error argue at some length the proposition that the weight of the evidence is so overwhelmingly in its favor, that this court should reverse the judgment and grant a new trial, notwithstanding the fact that there is

evidence shown by the record to support every fact essential to the plaintiff's recovery. Much stress is laid on the proposition that, in former decisions of this court, it is said that there must be sufficient evidence to uphold the verdict, and it is contended that this court will weigh the evidence, and, where a number of disinterested witnesses contradict the unsupported testimony of an interested party, that this court may grant a new trial solely because of a great preponderance of the evidence in the defendant's favor.

We do not deem it necessary to cite the very numerous cases in which it has been held that, where there is competent evidence fairly supporting every material fact necessary to the plaintiff's cause of action, which the jury has accepted as true, and where their verdict has been approved by the trial court, this court will not reverse the judgment and grant a new trial because these is an apparent preponderance, or even great preponderance, of evidence against the verdict. It is not for this court to try disputed questions of fact, in cases brought here for review.

Complaint is also made of the instructions, and first of the following, which was given at the request of plaintiff's counsel:

"If the defendant company, through its trainmen (servants), undertook to carry this plaintiff as a passenger to the town of Arcadia, it was their duty then to stop at the town of Arcadia long enough for her to have a reasonable time to alight from the train, and, of course, that is not stopping somewhere else away from the town of Arcadia."

The last portion of this instruction is criticised as being unfair and misleading, and, in view of the facts disclosed by the testimony, we think it is somewhat so. There seems to be no question that the place where the train stopped was reasonably near the station at Arcadia, and was near the point where such trains usually stopped. Were this the only question, however, we should be loth to reverse the case on account of the giving of this instruction.

A more serious difficulty arises on the general instructions

given by the court. The charge contains the following language:

"If plaintiff purchased a ticket on the day mentioned from Fort Scott to Arcadia, and was ready and willing, on demand of the conductor, to deliver it to him, and he permitted her to ride, it makes no difference whether he took up said ticket or not, or, if she had no ticket and offered him none, and he permitted and consented for her to ride from Fort Scott to Arcadia without ordering her off the train, she would be entitled to the rights of a regular passenger."

In the case of *Railroad Co. v. Wheeler*, 35 Kas. 185, it was held that a person on a construction train with the consent of the conductor was not a trespasser, and that the railroad company was bound to exercise ordinary care for his safety, but that it would not be bound to exercise that extraordinary care due to the passengers carried for hire. It will be observed that, in the last clause of the instruction quoted, the jury are told that, if the plaintiff rode in the car with the consent of the conductor, she would be entitled to the rights of a regular passenger. By this instruction, the court, in effect, withdrew from the consideration of the jury the conflicting testimony as to what took place between the plaintiff and the conductor with reference to a ticket. They were told, in effect, that the plaintiff was a regular passenger, whether her statement was true, or that of the conductor and other witnesses. Counsel for defendant in error, recognizing the force of this criticism, say in their brief:

"In view of the fact that the court did not instruct the jury upon the degree of care the passenger is entitled to from the hands of the railroad company when he is a passenger, and the court did not define the difference between degrees of care due from a railroad company or common carrier to a regular passenger, and when he is not a regular passenger, nor yet a trespasser, and who is permitted to ride upon the train without paying fare, we can see no reason for contending or supposing that plaintiff in error was prejudiced by the instructions complained of. The court simply used in every instance in its instructions the word 'negligence' without qualifying it by the words 'slight,' 'ordinary,' or 'gross,' and

where that is done, this court has held that ordinary negligence is meant."

We think this argument sound, if supported by the facts; but unfortunately the instructions also contain this language:

"A railroad carrying passengers is bound to use more than ordinary care in avoiding accident and injury to such passengers, and it would be liable for slight negligence when it causes or directly and materially contributes to such injury without the fault of the person injured."

This is a statement of the measure of care due to regular passengers. There is nothing in the instructions to qualify these declarations as to the law, and, in order to affirm this judgment, we must hold that the same measure of extreme care which a railroad company is bound to exercise in favor of passengers transported for hire is due to one who rides on its train by the consent of a conductor without the payment of any compensation to the company for its services. To so hold would be not only to overrule the case of *Railroad Co. v. Wheeler*, above cited, but to establish a rule which does not seem to us founded in justice or supported by sound reason. The fact that the plaintiff's own evidence is perhaps ample to show a want of ordinary care does not help the matter, for, under the instructions of the court, the jury were not required to determine whether the defendant was merely lacking in ordinary prudence, but were told, in effect, that slight negligence was sufficient to warrant a recovery. Under the instructions, the jury could hardly do otherwise than return a verdict for the plaintiff, even though they might not credit her statements as to all that transpired rather than those of other witnesses in the case. It necessarily follows that the judgment must be reversed, and a new trial ordered.

All the Justices concurring.